UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| BRADLEY JOSEPH KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | NO. 2:14-CV-0317 |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the United States Magistrate Judge under the standing orders of the Court and 28 U.S.C. § 636 for a report and recommendation with respect to the Motion filed by Plaintiff's counsel for an award of $6,426.00 in attorney's fees pursuant to 42 U.S.C. § 406(b) for work performed on behalf of Plaintiff in pursuit of Social Security benefits [Doc. 26]. Defendant has not responded to the motion.

**I.  PROCEDURAL HISTORY**

On October 22, 2014, Plaintiff filed a Complaint [Doc. 1], seeking review of the Commissioner's final decision denying the Plaintiff's application for disability insurance benefits and supplemental security income benefits. After the parties filed competing dispositive motions [Docs. 13 & 16], the District Court entered an Order [Doc. 18] adopting this Court's August 31, 2015 Report and Recommendations [Doc. 17], granting summary judgment in favor of Plaintiff on March 6, 2017, remanding the matter to the Commissioner for further proceedings [Doc. 19].

On October 9, 2015, Plaintiff moved for an award of attorney's fees of $3,185.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) [Doc. 20]. Thereafter, the parties

stipulated to the entry of an order [Doc. 23] awarding Plaintiff $2,400.00 in fees under the EAJA and the Court entered an Order granting Plaintiff attorney's fees in the stipulated amount [Doc. 25]. The motion now before the Court seeks an additional award of attorney's fees pursuant to 42 U.S.C. § 406(b) [Doc. 26].

## II. POSITIONS OF THE PARTIES

Plaintiff's counsel requests approval to charge attorney's fees pursuant to 42 U.S.C. § 406(b) based on a contingency fee agreement with Plaintiff [Docs. 27, 27-1 to -6]. Plaintiff, along with his minor child, was awarded total past-due benefits in an amount counsel does not specify. However, counsel advises that $16,984.50, representing twenty-five percent of the past-due benefits award for which Plaintiff contracted to pay in attorney's fees, was withheld for attorney's fees. Based on the percentage withheld, Plaintiff and his minor child were awarded $67,938.00 in past due benefits. Of the amount withhold, counsel has already been awarded $10,558.50 by the Regional Chief Judge for his administrative services. He now requests the remaining $6,426.00[1] of the amount withheld for attorney's fees. Counsel submits this amount is reasonable pursuant to *Gisbrecht v. Barhhart*, 535 U.S. 789 (2002).

The Commissioner has not responded to the fee motion.

## III. ANALYSIS

Section 406(b) permits courts to award "a reasonable [attorneys'] fee . . . not in excess of 25 percent," payable "out of . . . [the claimant's] past-due benefits" when a claimant secures a favorable judgment. 42 U.S.C. § 406(b)(1)(A). Accordingly, three conditions must be met before 406(b) fees will be awarded:

    1. The Court must have rendered a judgment favorable to the Plaintiff;

    2. The plaintiff must have been represented by counsel; and

---

[1] Based on the amount withheld and the amount awarded by the Chief Regional Judge, counsel has rounded the remaining withheld funds from $6,245.50 to $6,426.00.

> 3. The Court must find that the fee is reasonable and not in excess of twenty-five (25) percent of the total past-due benefits to which Plaintiff is entitled.

*See id.* All three conditions have been satisfied here and the Court will address in turn.

In this case, Plaintiff obtained a remand, which, for purposes of section 406(b), may be considered a "favorable judgment." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006). Counsel represented Plaintiff before this Court and before the Administrative Law Judge. Finally, counsel for Plaintiff submits that a fee request of twenty-five percent of the past due benefits awarded is reasonable because the twenty-five percent cap has been upheld by case law. Further, the amount counsel seeks is less than half of what he could request under the fee contract with his client.

Although the Commissioner has not indicated opposition to the requested amount, the Court must still independently determine whether the requested fee is reasonable per *Gisbrecht v. Barhhart,* 535 U.S. at 807. The Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The presumption may be overcome by a showing that "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 419 (6th Cir. 1990) (citing *Rodriquez*, 865 F.2d at 746). If neither circumstance applies, "an agreement for a [twenty-five percent] fee … is presumed reasonable." *Id.* at 421.

Here, Court is not aware of any improper conduct, delay, or ineffective representation on the part of Plaintiff's counsel. Counsel was able to achieve favorable results as this case was remanded to the Commissioner and benefits were ultimately awarded to Plaintiff. Such outcome demonstrates the effectiveness of counsel's representation.

Turning to whether the requested fee amount would constitute an underserved windfall, the

Sixth Circuit Court of Appeals "provides a floor" for determining the reasonableness of requested 406(b) fees. *Hayes*, 923 F.2d at 422. Where the amount requested divided by the numbers of hours expended is less than twice the standard rate for such work in the relevant market, the requested fee is *per se* reasonable. *Id.* The Sixth Circuit continued,

> If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would "enjoy a windfall because of . . . minimal effort expended."

*Id.* (quoting *Rodriquez*, 865 F.2d at 746.)

As noted, Plaintiff's counsel requests a fee award in the amount of $6,426.00. The amount the Social Security Administration has withheld is $16,984.50. Thus, the amount counsel is requesting is the remainder of the amount withheld by the Administration. The Court has considered the hours expended as outlined in counsel's affidavit and the degree of difficulty of this case. The Court is also cognizant of the nature of contingency contracts and the risk absorbed by attorneys in these matters. *See Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990) (In considering contingency agreements, "we cannot ignore the fact that the attorney will not prevail every time . . . Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast"). The Court finds that an attorney's fee in the amount of $6,425.50 does not represent a windfall.

Accordingly, the Court finds the requested contingency fee is reasonable. Further, when attorney's fees are awarded for the same work under both the EAJA and section 406(b), the attorney is required to refund the smaller of the two fees to the claimant. *Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989). Here, Plaintiff has already obtained an EAJA award in the amount of $2,400.00 for attorney's fees [Doc. 25], which would be the smaller of the awards.

## IV. CONCLUSION

Based upon the foregoing, it is hereby RECOMMENDED[2] that the Plaintiff's Motion for Approval of 406(b) Attorney Fees [Doc. 26] be GRANTED and a judgment awarding Plaintiff's counsel $6,425.50 in attorney's fees be entered with the requirement that Plaintiff's counsel must remit to Plaintiff the $2,400.00 in attorney's fees previously received from the Commissioner pursuant to the EAJA and the Court's prior fee Order [Doc. 25].

Respectfully submitted,

s/ Clifton L. Corker
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).